**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **LJILJANA SEGEDIN**, | |
| Plaintiff, | |
| v. | Case No. 1:26-cv-02046 (TNM) |
| **REPUBLIC OF CROATIA**, | |
| Defendant. | |

**MEMORANDUM OPINION**

Ljiljana Segedin brings this pro se action under the Foreign Sovereign Immunities Act

against the Republic of Croatia, alleging that its government committed several torts and crimes

against her, including unlawful expropriation, fraud, robbery, racketeering, arson, harassment,

false arrest, infliction of emotional distress, and abduction. *See* Compl., ECF No. 1, at 3–11, 13–

14, 30–35. She asks for damages of more than $2,000,000,000. *Id.* at 38, 46. But Segedin's

Complaint infringes several Federal Rules of Civil Procedure. Specifically, the Complaint fails

to provide "a short and plain statement of [Segedin's] claim[s]." *See* Fed. R. Civ. P. 8(a)(2).

Nor does it "state [her] claims . . . in numbered paragraphs" or limit each paragraph "to a single

set of circumstances." *See id.* 10(b). The Court thus will dismiss the Complaint. *See Brown v.*

*WMATA*, 164 F. Supp. 3d 33, 34–35 (D.D.C. 2016) (sua sponte dismissing complaint without

prejudice for violating Rule 8).

Rule 8 mandates that a complaint "contain . . . a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It further dictates that

"[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1). These provisions

"underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky*

1

*v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). By "set[ting] out a minimum standard for the sufficiency of complaints," Rule 8 serves "to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Rule 10, meanwhile, demands that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P 10(b). That requirement is "not a mere technical lapse or a trap for the unwary." *Matthews v. McDonough*, No. 1:21-cv-01607 (RDM), 2023 WL 4174319, at *1 (D.D.C. June 26, 2023). "When a plaintiff fails to comply with Rule 10(b), and instead combines his or her allegations in [a] single, running narrative, the defendant is left at a loss with respect to how to answer." *Id.* Like Rule 8, then, Rule 10 safeguards notice and adversarial fairness.

"Enforcing [pleading] rules is largely a matter for the trial court's discretion . . . ." *Ciralsky*, 355 F.3d at 669; *see also* Fed. R. Civ. P. 41(b) (authorizing courts to dismiss a claim or action "[i]f the plaintiff fails . . . to comply with these rules or a court order"). Courts hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Yellen v. U.S. Bank, Nat'l Ass'n*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018) (cleaned up). But even pro se litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Segedin's Complaint falls well short of Rules 8 and 10.

Start with Rule 8—which the Complaint flunks because it is neither "short" nor "plain." *See* Fed. R. Civ. P. 8(a)(2). The 47-page document is rambling, disorganized, and confusing. It initially sets forth three "counts" but later tacks on three "action modules," leaving the reader guessing as to the nature and extent of Segedin's claims. *See* Compl. at 3–6, 9–10. Many of the

Complaint's allegations are vague and inscrutable.  *See id.* at 2–47.  And the 328 pages of exhibits only add to the excess.  *See* Collected Exs., ECF No. 1-1, at 1–328.  These deficiencies make it "nearly impossible to discern the *essential* facts that underlie [Segedin's] claims."  *See Jiggetts v. District of Columbia*, 319 F.R.D. 408, 415 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017); *see also Spence v. Dep't of Veterans Affs.*, 109 F.4th 531, 542 (D.C. Cir. 2024) (affirming dismissal of claim under Rule 8 where pleading "was too unwieldy and did not give fair notice to [Defendant] because of its length, redundancy, and disorganization" (cleaned up)).

Continue with Rule 10.  While the Complaint is organized in paragraph form, those paragraphs are not numbered.  *See* Compl. at 2–47.  Many of the paragraphs are also not confined "to a single set of circumstances," *see* Fed. R. Civ. P. 10(b), but instead cover multiple topics and span several pages, *see* Compl. at 2–47.  As just one example, take a paragraph that extends over three pages asserting that Croatia committed miscellaneous "systematic, individual, and institutional" violations of federal and international law.  *See id.* at 22–24.  This paragraph and others leave Croatia "at a loss with respect to how to answer."  *See Acon-Chen v. Buttigieg*, No. 1:24-cv-01529 (RDM), 2024 WL 4416943, at *2 (D.D.C. Oct. 5, 2024).  Rule 10 requires more—even of pro se litigants.  *See Jarrell*, 656 F. Supp. at 239.

Segedin's Complaint violates Rules 8 and 10.  The Court thus dismisses it without prejudice.[1]  A separate Order will issue.

Dated: July 1, 2026

TREVOR N. McFADDEN
United States District Judge

---

[1]  Given the dismissal of the Complaint, the Court also denies as moot the Motion to Deny Foreign Sovereign Immunity, ECF No. 3, the Motion to Seal the Case, ECF No. 8, and the Motion for a Preliminary Injunction, ECF No. 10.